United States District Court
Southern District of Texas
**ENTERED**
July 01, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NICHOLAS DAVID MOSQUERA, TDCJ # 02377827, | § § § |
| Plaintiff, | § § |
| VS. | §    CIVIL ACTION NO. 4:24-0284 |
| BRYAN COLLIER, *et al.*, | § § § |
| Defendants. | § § |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nicholas David Mosquera, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* and *in forma pauperis* in this civil rights action. Because this case is governed by the Prison Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

I.    **BACKGROUND**

Mosquera initially sued four defendants. On April 24, 2024, the Court severed his claims against two defendants and transferred them to the Northern District of Texas, Abilene Division. Mosquera's remaining claims in this suit are his claims against Bryan Collier, the executive director of the Texas Department of Criminal Justice, and Brett Ligon, the District Attorney of Montgomery County.

Mosquera claims that Ligon violated his rights by intentionally seeking a "conviction instead of justice" and by invading his rights under the Fourteenth Amendment (Dkt. 1, at 3; *see id.* at 4 (alleging that Ligon "intentionally allowed himself and his assistants to subject me to malicious prosecution resulting in a wrongful conviction")). TDCJ's public online records reflect that Mosquera is serving an 18-year sentence imposed in 2022 in Montgomery County for evading arrest with a vehicle. *See* Inmate Information, Texas Department of Criminal Justice, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited June 27, 2024).

Mosquera alleges that Collier "has neglected to keep [him] safe and protect [his] rights of Due Process . . . against invasion of rights by District Attorney and officers of TDCJ" (Dkt. 1, at 3). He states that Collier has "failed to ensure [that] property would not be taken from [him] [without] due process," failed to "ensure items guar[a]nteed would be supplied," and "neglected to ensure [his] right against a wrongful conviction by [a] corrupt District Attorney" (*id*. at 4).

As relief for his claims, Mosquera seeks release from confinement and $18 million in damages due to mental anguish, pain and suffering, fraud, emotional distress, and loss of enjoyment (*id.*).

II.  **STANDARD OF REVIEW**

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal under § 1915A(b) or § 1915(e)(2)(B) for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id*. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III. DISCUSSION

Mosquera brings his civil rights claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person acting "under color of state law," such as a state official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).

### A. Ligon

Mosquera claims that Ligon, the district attorney, violated his rights by intentionally seeking a conviction rather than justice.

A civil rights claim for damages under 42 U.S.C. § 1983 that bears a relationship to a conviction is not cognizable unless the conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87; *see Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022). If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

Here, a finding in Mosquera's favor on his civil rights claim against Ligon would necessarily imply that his conviction is invalid. Therefore, he is entitled to proceed with his claim only if his conviction has been reversed or otherwise declared invalid. Mosquera is incarcerated based on the Montgomery County conviction and presents no evidence that the conviction has been invalidated by an appellate or habeas court. The rule in *Heck* therefore precludes his claim for relief. *See Wilkinson*, 544 U.S. at 81-82; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

Mosquera's civil rights claims against Ligon are not cognizable under 42 U.S.C. § 1983 at this time and his claims must be dismissed. Any claim for monetary damages will be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). Any claims for injunctive relief will be dismissed without prejudice. *See id.*; *Clarke*, 154 F.3d at 191.

### B.      Collier

Mosquera claims that Collier failed to ensure that his rights were protected in TDCJ and in connection with his Montgomery County conviction. A supervisory official such as Collier may be held liable under § 1983 "only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (cleaned up); *see Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983"). A plaintiff seeking to establish "supervisory liability for constitutional violations committed by subordinate employees . . . must show that the supervisor acted, or failed to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Porter*, 659 F.3d at 446 (cleaned up) (emphasis original). A failure-to-supervise or failure-to-train claim also requires a showing of deliberate indifference by the supervisor. *See Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018); *Porter*, 659 F.3d at 446.

To the extent that Mosquera identifies any actionable harm caused to him by Collier, he alleges only that Collier failed to ensure that his rights were protected or failed to supervise subordinate officers.  He does not claim that Collier was personally involved in the alleged violations of his rights or that Collier acted with deliberate indifference to his subordinates' alleged actions. *See Westfall*, 903 F.3d at 552; *Porter*, 659 F.3d at 446. He therefore fails to state a claim against Collier on which relief can be granted, and his claim will be dismissed.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. The complaint under 42 U.S.C. § 1983 is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. The plaintiff's claims against Ligon for monetary damages are **DISMISSED with prejudice** to his claims being asserted again until the *Heck* conditions are met. His claims against Ligon for injunctive relief are **DISMISSED without prejudice**. All claims against Collier are **DISMISSED with prejudice**.

2. All pending motions, if any, are **DENIED as moot**.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas, on      June 28                  , 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE